# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEBRA SEEFELDT,**

    **Plaintiff,**

  v.                                                Case No. 14-CV-320

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Debra Seefeldt sought judicial review pursuant to 42 U.S.C. § 405(g) of the denial of supplemental security income benefits by the Commissioner of Social Security. On March 28, 2016, I ordered that the case be remanded to the Commissioner pursuant to sentence four of § 405(g). Seefeldt now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons stated in this opinion, I will grant Seefeldt's motion for fees under the EAJA but will reduce the total amount of that fee.

## DISCUSSION

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Because I reversed and remanded the Commissioner's decision under sentence four of §405(g), the plaintiff was the prevailing party in this litigation. The application was

timely filed, and the Commissioner points to no special circumstances making an award unjust. The Commissioner also does not argue that her position was substantially justified. Instead, the Commissioner argues that the fee should be reduced both by cutting the number of hours billed by Seefeldt's attorney and by using a regional, rather than national, cost of living adjustment for the hourly rate. Therefore, the Commissioner does not argue that a fee award is in and of itself inappropriate; rather, she argues that the overall amount of that award should be reduced.

Once a court determines that a fee award under the EAJA is appropriate, it must next determine the reasonableness of that fee—both in terms of the rate and the hours. *See Henderson v. Barnhart*, 257 F. Supp. 2d 1163, 1169 (E.D. Wis. 2002). Pursuant to the statute, the EAJA allows for reasonable attorney's fees "based upon the prevailing market rates for the kind and the quality of the services furnished," though the rate is not to exceed $125 an hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A plaintiff bears the burden of proving the reasonableness of hours worked and the hourly rate claimed under the EAJA. 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Seefeldt requests a total award of $11,171.30 for 58.6 hours[1] of work, at an hourly rate ranging from $187.63 to $192.88.[2] The Commissioner argues that the number of hours billed in this case was excessive and that the plaintiff has not met her burden in showing that her attorney's hours were reasonably expended. Specifically, the Commissioner argues that the five legal issues raised by

---

[1] The original request for EAJA fees was for 51.8 hours of work (Aff. of Lynn Zuehlsdorf-Mach, Docket # 51 at ¶¶ 3-4), but Seefeldt requests an additional 6.8 hours for preparing her reply brief (Reply Brief, Docket # 55 at 7).

[2] In her reply brief, Seefeldt lists the requested hourly rate of $293.88 for the 6.8 hours spent preparing the reply brief. However, this was a typographical error; the math indicates the hourly rate should be $192.88.

Seefeldt in her opening brief[3] were not complex or novel and points out that the record was 376 pages, with the medical records consisting of 198 of those pages. She points out that of the 51.8 hours (originally) requested, Seefeldt's attorney spent 22.1 hours on the opening brief and 13.8 hours on the reply brief. However, I do not find that the number of hours Seefeldt's attorney spent on this case to be unreasonable. Both the opening brief and the reply brief were substantial—both in length and content—and were helpful to the court. While I agree that the issues Seefeldt presented were based on well-settled law and are issues seen repeatedly in social security cases, counsel did not represent Seefeldt at the administrative level and therefore had to familiarize herself with the record. Further, counsel not only did not represent Seefeldt at the administrative level, she came into this case at the eleventh hour. The case had previously been dismissed and re-opened and Seefeldt had been given numerous extensions to find an attorney. Therefore, I do not find that the number of hours—58.6 total hours—to be unreasonable. Indeed, such a request is comparable to other requests granted in this District. *See Wirth v. Barnhart*, 325 F. Supp. 2d 911, 914-15 (E.D. Wis 2004) (approving fee quest for 61.1 hours of work (30 on main brief and 14 on reply) in case with 326 page record and finding such an award in line with other EAJA fee awards in the Eastern District of Wisconsin).

However, the Commissioner also argues that Seefeldt's attorney billed for non-legal work, which is improper, and that the total number of hours billed should be reduced accordingly. The Commissioner's objections are well-placed. A district court may reduce EAJA fees for hours spent by the attorney for purely clerical tasks such as mailing and filing. *See, e.g.*, *Pecha v. Barnhart*, No. 05-C-0099-C, 2008 WL 3850388, * 2 (W.D. Wis. Mar. 8, 2008) (reducing the requested EAJA fees by

---

[3] The issues Seefeldt raised in her opening brief were: (1) the ALJ did not properly weigh the opinion of her treating psychologist; (2) the ALJ did not properly weigh the opinions of the state agency consulting physicians; (3) the ALJ's credibility assessment was legally insufficient; (4) the ALJ's RFC finding was not supported by substantial evidence; and (5) the ALJ did not present a complete hypothetical question to the vocational expert.

deducting hours "spent by [the attorney] performing purely clerical tasks," such as mailing and filing) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)); *Hemminger v. Astrue*, No. 08-cv-186-bbc, 2009 WL 1850647, * 4 (W.D. Wis. June 26, 2009) (reducing the number of hours for which the attorney received fees, explaining that "a reduction is warranted for time spent by the legal team on tasks that can be characterized as purely secretarial and not requiring any specialized legal skills."). In this case, Seefeldt's attorney bills for e-filing her notice of appearance and an extension of time, both on February 16, 2015. She also bills for three instances of calendaring: February 17, 2016, May 18, 2015, and June 17, 2015. In each entry where she bills for a "clerical" task, she lists 0.2 hours as the total hours spent, but these entries include more than the clerical task. Because I cannot discern how much time is spent on which task in an entry, and because it is the plaintiff's burden to show that the hours are reasonable, I will reduce the total hours by one hour, making the total 57.8 hours.

Having determined that the number of hours requested is reasonable (minus the time spent on non-legal work), I will turn to the Commissioner's objection about the hourly fee. Seefeldt seeks a rate above the EAJA's maximum $125 per hour on the basis that the cost of living has increased significantly since the EAJA went into effect in March 1996. Specifically, Seefeldt uses the Consumer Price Index ("CPI") to reach what she argues is an appropriate hourly rate. She calculates each month's hourly rate by dividing the relevant month's CPI for all urban consumers—the nationwide, rather than regional CPI—by the CPI for all urban consumers in March 1996, when the EAJA and its $125 per hour statutory cap became effective. She then multiplies that number by 125, the maximum hourly rate set by the EAJA, to reach the adjusted hourly rate. For example, in January 2015, the CPI for all urban consumers was 233.707. That number divided by 155.7 is 1.501, which when multiplied by 125 gives you 187.626 for an hourly rate of $187.63. She did this

calculation for each month she worked on the case: January 2015 ($187.63); February 2015 ($188.38); March 2015 ($189.50); April 2015 ($189.88); May 2015 ($190.88); June 2015 ($191.50); July 2015 ($191.50); August 2015 ($191.25); September 2015 ($191.00); March 2016 ($191.13); April 2016 ($192.00); May 2016 ($192.00); and June 2016 ($192.88).

While the Commissioner does not argue that an inflation adjustment is not appropriate, she does argue that I should use the regional CPI, rather than the national CPI, to determine Seefeldt's attorney's hourly rate and that I should use the rate from April 2015—the month in which Seefeldt's attorney billed the bulk of the hours in this case—for all of the hours billed.

While the Seventh Circuit has recently held that "[c]ourts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed," it has not decided whether district courts should calculate these fees using the national CPI for urban areas or the appropriate regional CPI and left that determination within the discretion of the district courts. *Sprinkle v. Colvin*, 777 F.3d 421, 428, 428 n. 2 (7th Cir. 2015). District courts in this circuit have used both the national and the regional CPI to calculate the inflation-adjusted rate "without a clear preference for either." *Seabron v. Astrue*, No. 11 C 1078, 2012 WL 1985681, *4 (N.D. Ill. June 6, 2012) (collecting cases). Seefeldt argues that using the national CPI is appropriate because it is more in line with the prevailing market rate. The national CPI, or the CPI-U, has been accepted in this District, and I believe that the requested hourly rates are reasonable. *See Tenhove v. Colvin*, No. 12-C-0627, 2013 WL 3864997, *1 n. 1 (E.D. Wis. Jul. 24, 2013) (citing *Lechner v. Barnhart*, 330 F. Supp. 2d 1005 (E.D. Wis. 2004)).

-5-

Because the hourly rate requested by Seefeldt varies by month, I must subtract the time spent on non-legal tasks from the appropriate month: 0.6 hours in February 2015; 0.2 hours in May 2015; and 0.2 hours in June 2015. This reduces the overall award by $189.51 for a final total of $10,981.79.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for attorney's fees under the Equal Access to Justice Act (Docket # 50) is granted in the total amount of $10,981.79.

**IT IS FURTHER ORDERED** that such fee is awarded to plaintiff's counsel, Lynn M. Zuehlsdorf-Mack, pursuant to Seefeldt's agreement so providing.

Dated at Milwaukee, Wisconsin this 30th day of September, 2016.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge